UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREW COPELAND and LEILA COPELAND, husband and wife, and the marital community composed thereof,<br><br>Plaintiffs,<br><br>v.<br><br>MARYLAND CASUALTY COMPANY, a foreign corporation,<br><br>Defendant. | CASE NO. C04-1725RSM<br><br>ORDER ON MOTION FOR RECONSIDERATION |

    Defendant has moved for reconsideration of the Court's June 15, 2005, Order striking a motion to disqualify opposing counsel and compel his deposition. Pursuant to Local Rule CR 7(h)(3), the Court deems a response to the motion unnecessary and DENIES the motion.

    Motions for reconsideration are disfavored and will be denied in the absence of "a showing of manifest error in the prior ruling on a showing of new facts or legal authority which could not have been brought to its attention earlier. . . ." Local Rule CR 7(h)(1). Defendant asserts that the Court erred in striking the overlength motion because it was actually two separate motions, a motion to disqualify counsel, and a motion to compel the disqualified counsel to attend a deposition. However, upon original review of the motion itself, the Court found no argument with respect to a motion to compel counsel's attendance at a deposition; the text of the motion is directed solely to reasons why counsel should be

ORDER ON MOTION FOR
RECONSIDERATION - 1

disqualified as a material witness in the case. Thus, the bulk of the twenty-one pages is devoted to a summary of the background facts and issues in this case, together with argument on reasons why counsel should be disqualified under ethical principles and the rules of professional conduct. Nowhere did defendant argue or cite to any authority under which a motion to compel counsel's attendance at a deposition was brought. The Court could not construe the motion as one brought under F.R.Civ. Proc. 37, because nowhere in the motion, the declaration of counsel, or the 246 pages of exhibits is there anything that would qualify as the certificate of compliance required by Rule 37(a)(2)(A) or (B) and Local Rule CR 37 (a)(2)(A). The letter to counsel and report of his verbal response (Declaration of Jacquelyn Beatty, Exhibit 43) do not satisfy the local rule's requirement for a face-to-face meeting or telephonic conference as a "good faith" attempt to resolve the issue. Nor was any argument advanced in defendant's motion under Rule 45, as would apply to the deposition of a non-party.

Finally, there is simply no provision in the rules for designating a motion as two combined motions and thereby claiming double the allowed number of pages. While defendant's exhaustive arguments on disqualification may well have merit, the disregard of the page limits set in the local rules cannot be overlooked by the Court. Defendant's motion for reconsideration is accordingly DENIED. However, in recognition of the seriousness of the issues presented in the motion to disqualify, the Court shall extend the discovery deadline for thirty days, to July 20, 2005, solely for the purpose of allowing defendant to seek to depose opposing counsel, and of allowing both sides to file motions related to that effort.

DATED this   17th   day of   June   , 2005.


/s/ Ricardo S. Martinez
RICARDO S. MARTINEZ
United States District Judge

ORDER ON MOTION FOR
RECONSIDERATION - 2