UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREW COPELAND and LEILA COPELAND, husband and wife, and the marital community composed thereof,<br><br>  Plaintiffs,<br><br>  v.<br><br>ASSURANCE COMPANY OF AMERICA, a foreign corporation,<br><br>  Defendant. | CASE NO. C04-1725RSM<br><br>ORDER ON MOTION FOR SUMMARY JUDGMENT |

This matter is before the Court for consideration of defendant's motion for summary judgment. Oral argument was held on September 1, 2005, and the Court took the matter under advisement pending mediation of this matter. The Court has been advised of the failure of mediation. Dkt. # 98. For the reasons set forth below, the Court now grants defendant's motion for summary judgment, and dismisses the action.

DISCUSSION

This action arises out of a construction dispute. Plaintiffs, the Copelands, acting as their own general contractor, hired 49th Parallel Group LLC ("49th Parallel") as subcontractor to frame up their residence, using prefabricated insulated panels. The panels were apparently stored improperly, and the resulting structure was unsatisfactory. The Copelands terminated 49th Parallel from the job on May 9, 2001, and withheld payment on the contract.

ORDER ON MOTION FOR SUMMARY
JUDGMENT- 1

49th Parallel was insured by defendant Assurance Company of America ("Assurance") until April 28, 2001, when the policy was canceled for lack of payment. Thereafter 49th was insured by Western National Assurance Company. The Copelands' attorney Jeffrey Poole, who is also plaintiffs' counsel in this matter, contacted Maryland Casualty Company ("Maryland") regarding the claim, believing Maryland to be 49th Parallel's insurer. Maryland Casualty Company and Assurance are both part of the "Zurich" group, but are separate companies. As defendant explains, Zurich provides claim handling services for its affiliates, which would include both Maryland and Assurance. Mr. Poole also contacted Western National, who assigned an adjuster to the claim. When Jacqueline Hill, the Zurich adjuster, contacted Mr. Poole, she was told that Western National was 49th's current insurer, and that Western had assigned an adjuster to the claim. Ms. Hill then contacted Douglas Bennion of 49th Parallel, who told her that Western National is "adjusting."

In April, 2002, Mr. Poole proposed to Brian Dale, attorney for 49th Parallel, that in exchange for a release of all claims against them by the Copelands, 49th Parallel would assign its rights against its insurers (designated by counsel as Western National and Zurich) to the Copelands. *See*, Defendant's Exhibit 17. The offer also included a dismissal of the "pending action", although no action was pending at that time. Mr. Dale, on behalf of 49th Parallel, declined the offer. Defendant's Exhibit 21. On May 23, 2002, the Copelands filed suit in Snohomish County Superior Court, naming as defendants Douglas Bennion, Michael Lee, and Dean Benne, all members of 49th Parallel. The complaint alleged breach of contract, violation of the Consumer Protection Act, and "negligent storage" of the building panels. Mr. Poole then began negotiating a settlement with Western National's attorney, Leonard Flanagan.

The settlement, concluded in February, 2003, provided that 49th Parallel (who was not actually named as a defendant in the lawsuit), Douglas Bennion, and Michael Lee would confess to judgment in the amount of $395,762, and assign all their rights against insurer Maryland Casualty (which, as shown above, was not the insurer) to the Copelands. The settlement also provided that 49th Parallel would receive the first $15,822 of recovery to satisfy the amount still owed by the Copelands. Defendant's Exhibit 34. A "reasonableness" hearing under RCW 4.22.060 was held, and the state court approved the

ORDER ON MOTION FOR SUMMARY
JUDGMENT- 2

settlement. Defendant's Exhibit 52.  The Copelands then filed this action for bad faith and violation of the Consumer Protection Act in Snohomish County Superior Court, improperly naming Maryland Casualty as the defendant.  Maryland removed the case to this court on the basis of the parties' diversity. Plaintiff has since amended the complaint, with leave of Court, to name Assurance as the defendant.  The state court judgment was amended as well.

Defendant has moved for summary judgment on the basis that the confessed judgment and settlement which this action seeks to enforce were collusive and unreasonable as a matter of law. Summary judgment is proper only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." F.R.Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial by "identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotrex Corp. v. Catrett, 477 U.S. 317, 323 (1986).   If the moving party satisfies this burden, the opponent must set forth specific facts showing that there remains a genuine issue for trial. F.R.Civ. P. 56(e). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).   It is not the court's function at the summary judgment stage to determine credibility or to decide the truth of the matter. Id.  Rather, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.

A party whose liability insurer has acted in bad faith by denying coverage may proceed to make his own settlement with an injured plaintiff, and then seek reimbursement from the insurer.  However, the insurer is only liable for the amount of the settlement that is reasonable and paid in good faith. Chaussee v. Maryland Casualty Company, 60 Wn.App. 504, 509-10 (1991).  Once a court has determined that a confessed judgment is reasonable, it is presumptively reasonable, and the burden then shifts to the insurer to show that the settlement was the result of fraud or collusion. Besel v. Viking Insurance Co. of

ORDER ON MOTION FOR SUMMARY JUDGMENT- 3

1  Wisconsin, 146 Wn. 2d 730, 738-39 (2002).

2  The Washington Supreme Court has set forth the following factors to be considered in
3  determining whether a settlement and release is reasonable:

> [T]he releasing person's damages; the merits of the releasing person's liability theory; the merits of the released person's defense theory; the released person's relative faults; the risks and expenses of continued litigation; the released person's ability to pay; any evidence of bad faith, collusion, or fraud; the extent of the releasing person's investigation and preparation of the case; and the interests of the parties not being released.

Glover v. Tacoma General Hospital, 98 Wash. 2d 708, 727 (1983).  These factors, cited in Chaussee v. Maryland Casualty Company, 60 Wn. App. 504, 512 (1991), are generally referred to as the " Chaussee factors".

In opposing the motion for summary judgment, plaintiffs contend that (1) Assurance's bad faith is undisputed, (2) the settlement amount was judicially approved in the state court action and thus is presumptively reasonable, and (3) defendant has failed to set forth and prove the elements of fraud.  None of these arguments defeats summary judgment.

First of all, plaintiff's assertion that defendant's bad faith is not in dispute is incorrect; Assurance vigorously disputes the allegation of bad faith.  Assurance did not address the allegation of bad faith in the opening brief because bad faith in handling a claim is not relevant to the reasonableness of the settlement.  Indeed, the situation presented here only arises when an insurance company has acted in bad faith by failing to defend.  That insurer is still only liable for that portion of the settlement which is reasonable.  Chaussee, 60 Wn. App. at 509-510.  It is that reasonableness which is the focus of defendant's motion for summary judgment.

Nevertheless, in reply to plaintiff's assertion that bad faith is not in dispute, Assurance points out that the claim was not tendered by its insured, 49th Parallel, but rather by Mr. Poole on behalf of the Copelands.  Further, the claim was tendered to Maryland Casualty, not to Assurance.  Even had the claim been tendered to the proper insurance company, Assurance had no duty toward the Copelands, and did not commit bad faith by failing to defend upon notice from Mr. Poole.  Defendant asserts that "The

ORDER ON MOTION FOR SUMMARY
JUDGMENT- 4

first and only time 49th asked Assurance to participate on its behalf vis a vis the Copelands was in June 2002, after 49th's members, Bennion and Lee, were sued." Defendant's Reply, p. 11. Plaintiff has not refuted this statement in any way. Shortly after this contact, Mr. Poole began his settlement negotiations with Mr. Flanagan, attorney for Western Insurance, on the basis of Assurance's alleged bad faith—when Assurance at that time had only recently received notice of the lawsuit. Under these circumstances, it can hardly be said that Assurance refused to defend in bad faith.

Second, Assurance has successfully rebutted the presumptive reasonableness of the settlement. The state court, at the reasonableness hearing, did not consider the Chausee factors set forth above. Judge Thorpe had no opportunity to do so, because the hearing was not an adversarial proceeding. As witnesses, Mr. Poole only called Mr. and Mrs. Copeland to substantiate their calculation of the various items that made up the $395,000 settlement amount. No adversarial party was present to question it. Mr. Dale, attorney for 49th Parallel, had previously described the settlement amount as off by a factor of ten (recommending "slipping the decimal point one digit"). *See*, Defendant's Exhibit 37. Yet neither Mr. Dale nor any representative of Assurance was present at the hearing. The transcript of the state court reasonableness hearing establishes that the following Chaussee factors were not considered: the merits of the releasing party's (the Copelands) liability theory; the merits of the released party's (49th Parallel's) defense theory; the released party's relative fault; the risks and expenses of continued litigation; the released party's ability to pay; any evidence of bad faith, collusion, or fraud between the parties; the extent of the releasing party's investigation and preparation of the case; and the interests of the parties not being released (Assurance). Defendant's Exhibit 51. Thus it cannot be said that the settlement, although found reasonable by Judge Thorpe, was reasonable for the purposes of this proceeding.

Moreover, the presumptive reasonableness of a settlement can be rebutted by a showing of fraud or collusion. Besel v. Viking Insurance Company, 146 Wn. 2d at 738-39. The Washington State courts have not formally defined the parameters of a collusive settlement. Defendant has therefore cited to district court opinions out of New Mexico and West Virginia. These and other cases cited start with the basic premise that "a 'covenant judgment' of this sort warrants heightened scrutiny;" a premise with

ORDER ON MOTION FOR SUMMARY
JUDGMENT- 5

which this Court agrees.  <u>Continental Casualty v. Westerfield</u>, 961 F. Supp. 1502, 1505 (D.N.M. 1997).

> [A] stipulated judgment . . . which is coupled with a covenant not to execute against the insured brings with it a high potential for fraud or collusion.  With no personal exposure the insured has no incentive to contest liability or damages.  To the contrary, the insured's best interests are served by agreeing to damages in any amount so long as the agreement requires the insured will not be personally responsible. . . .

<u>Id</u>.; *quoting* <u>Pruyn v. Agricultural Insurance Co.</u>, 36 Cal. App. 4th 500, 42 Ca.Rptr 2d 295 (Ct. App.  2 Dist. 1995), *as modified* July 12, 1995, *as modified on denial of rehearing,* 42 Cal. Rptr 2d 295 (July 19, 1995).  Among the indicators of collusion listed by the New Mexico district court are the unreasonableness of the settlement amount, concealment, lack of serious negotiation on damages, profit to the insured, and attempts to harm the interest of the insurer.  All factors have the common thread of unfairness to the insurer, "which is probably the bottom line in cases in which collusion is found." <u>Id</u>.  Although plaintiffs assert that it is improper for defendant to rely on this case, because New Mexico's law "directly conflicts with Washington law," they have not shown where the asserted conflict lies.  In the absence of a clear definition of collusion in this situation by the Washington courts, this Court may properly find guidance in the description of the elements thereof by its sister district court in New Mexico.   Here, the unreasonableness of the settlement amount, the lack of serious negotiation on damages, and the exclusion of Assurance from the settlement negotiations all weigh heavily toward a finding of collusion.

      The <u>Continental Casualty</u> court also analyzed the "illusion of adversity" in the underlying proceedings.  <u>Id</u>. at 1507.  Here, there was not even an illusion of adversity; the only evidence of the reasonableness of the $395,000 was offered by Andy Copeland, who testified at the hearing as to his calculation of damages.  Amounts included as damages were his mortgage, interest on the construction loan for the unfinished residence, living expenses (which included separate living expenses for his wife Leila, since they were separated), mitigation costs, "miscellaneous expenses" of $60,000, and attorneys' fees.  *See*, Defendant's Exhibit 51, p. 11.  Leila Copeland was also put on the stand at the hearing, and was asked a single question: whether she believed their damages exceeded $395,000.  Her answer was "Oh, yes." Exhibit 51, p. 13.  Although Judge Thorpe did find that the $395,000 sum was reasonable, he

ORDER ON MOTION FOR SUMMARY
JUDGMENT- 6

Case 2:04-cv-01725-RSM   Document 103   Filed 10/06/05   Page 7 of 8

qualified that finding by saying, "Some of that $395,000 is purely contract damages and not tort damages, but I will leave that for somebody else to thrash out." Exhibit 51, p. 14.

As no evidence was provided as to most of the reasonableness factors set forth in Chaussee, Judge Thorpe had no opportunity to consider them. Thus, it cannot be said that his finding of reasonableness is presumptively valid. Moreover, defendant has successfully shown that many indicators of collusion were present, thereby rebutting any presumption of reasonableness that would arise from the hearing.

Plaintiff argues, in opposing summary judgment, that defendant has not met the requirements for showing fraud, "of which collusion is another term for". Plaintiff's Response, p. 2. Fraud and collusion, however, are separate torts, usually referred to in the disjunctive. They also have different elements. Collusion, for example does not require the misrepresentation of a material fact. Continental Casualty, 961 F. Supp. at 1505. Nowhere in the Washington cases discussing fraud in relation to insurance settlements are the nine factors[1] of a common-law action for fraud set forth; instead, the cases state that settlements may be collaterally attacked if they are the result of fraud **or** collusion. Truck Insurance Exchange v. Vanport Homes, 147 Wn. 2d 751, 765 (2002). The Court is thus unpersuaded by plaintiffs' argument regarding proof of the nine elements of common-law fraud.

The record before the Court is fully developed, and no issues of material fact remain for trial. The question of whether the settlement between the Copelands and 49th Parallel was unreasonable as a matter of law, and thus unenforceable against Assurance, is one for the Court. As defendant has succeeded in demonstrating, through affidavits, exhibits, and other evidence, that the settlement was unreasonable and collusive, defendant's motion for summary judgment is hereby GRANTED, and the action to enforce that settlement is DISMISSED.  The three pending motions, defendant's motion to compel the deposition of

---

[1] The elements of fraud are (1) the representation of an existing fact; (2) its materiality; (3) its falsity; (4) the speaker's knowledge of its falsity; (5) the speaker's intent that the statement be acted upon by the person to whom it is made; (6) the recipient's ignorance of its falsity; (7) the recipient's reliance on the truth of the representation; (8) the recipient's right to rely on it; and (9) consequent damages. Goel v. Jain, et al., 259 F. Supp. 2d 1128, 1136 (W.D.Wash. 2003); *citing* Farrell v. Score, 67 Wash. 2d 957, 958-59 (1966); Kirkham v. Smith, 106 Wash. App. 177, 183 (2001).

ORDER ON MOTION FOR SUMMARY
JUDGMENT- 7

Mr. Poole (Dkt. # 57), defendant's motions in limine (Dkt. # 95), and plaintiffs' motion for an extension of the lodging date for the pretrial order (Dkt. # 100) are STRICKEN as moot.

Two outstanding matters remain. On July 7, 2005, the Court ordered plaintiffs to show cause, pursuant to Local Rule GR 3(d), why they should not be sanctioned for the late filing of an amended complaint naming the proper defendant in this matter. On July 15, 2005, the Court ordered plaintiffs to show cause, pursuant to F.R.Civ. Proc. 37(a)(4)(B), why they should not be required to pay defendant's expenses and attorneys fees incurred in opposing an untimely and unwarranted motion to compel. Although plaintiffs' responses to the show cause orders are inadequate to wholly avoid the threatened sanctions, the Court finds that circumstances exist which would make the imposition of the entire amount of sanctions against the plaintiffs unjust. F.R.Civ. Proc. 37(a)(4)(B). These circumstances include the fact that the sanctionable conduct is attributable to counsel, as well as the conclusory nature of defense counsel's request for $3400 in attorneys' fees, without any supporting documentation as to actual billing. Accordingly, the Court finds that a reasonable amount of sanctions under Rule 37 for the withdrawn motion to compel is $1700. This amount shall be paid to defendant within thirty days of this date. The Court declines to impose sanctions under Local Rule GR 3(d) at this time.

The Clerk shall enter judgment in favor of defendant in this matter.

DATED this 6th day of October, 2005.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION FOR SUMMARY JUDGMENT- 8